**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FABIAN L. WHITE,

     Plaintiff-Appellant,

v.

MARK KEYL,

     Defendant-Appellee.

No. 01-6381
(D.C. No. 01-CV-924-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Fabian L. White, appearing pro se, appeals the district court's dismissal of his case for failure to set forth a claim for relief and its denial of his motion to proceed in forma pauperis (IFP). For the reasons set forth below, we dismiss the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.

On June 15, 2001, Mr. White filed a complaint against Mark Keyl in the Western District of Oklahoma. In a nine line narrative, the complaint mentions an encounter with a police officer but makes no statement as to who the officer was, the nature of his injury, what caused the injury, or the right violated in the incident. Furthermore, the complaint contained no allegations regarding the subject matter jurisdiction under which the complaint could be brought. In short, Mr. White failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, that a complaint "contain. . . a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." FED. R. CIV. PRO. 8(a)(1). The court dismissed the matter without prejudice and denied Mr. White's Application to Proceed Without Prepayment of Fees.

Mr. White now appeals to this court and seeks to proceed in forma pauperis. 28 U.S.C. § 1915(a) allows any court of the United States to authorize the commencement of a suit without prepayment of fees and costs by a person who makes affidavit that he is unable to pay such costs. The affidavit must state the nature of the action and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). The statute makes clear, however, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Mr. White has complied with none of these requirements.  He has stated neither the nature of the action nor his entitlement to redress.  The district court's denial of his Application to Proceed Without Prepayment of Fees stated that Mr. White's appeal would not be taken in good faith.  We note that as the District Court dismissed his claim without prejudice, Mr. White is free to file a new, better formulated complaint that comports with the Federal Rules of Civil Procedure.

We thus **DENY** Mr. White's motion to proceed in forma pauperis and **DISMISS** his appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge